NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFREDO ABARCA JUAREZ; MIGUEL EFRAIN ABARCA RUIZ; JOSE JAVIER ABARCA RUIZ; GEMIMA RUIZ DE ABARCA; GEMIMA EDITH ABARCA RUIZ; FELIX ALFREDO ABARCA RUIZ, Petitioners, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-2416 Agency Nos. A216-558-528 A216-558-529 A216-558-530 A216-558-556 A216-558-557 A216-558-558 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024**
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioners Jose Alfredo Abarca Juarez, Miguel Efrain Abarca Ruiz, Jose Javier Abarca Ruiz, Gemima Ruiz de Abarca, Gemima Edith Abarca Ruiz, and Felix Alfredo Abarca Ruiz are citizens of El Salvador. They petition for review of a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) decision denying their application for asylum and Jose Alfredo's application for withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Where, as here, the BIA adopts and affirms an IJ's decision while citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), we will "review the IJ's decision as if it were that of the BIA." *Tista v. Holder*, 722 F.3d 1122, 1125 (9th Cir. 2013) (quoting *Samayoa-Martinez v. Holder*, 558 F.3d 897, 899 (9th Cir. 2009)). We review the IJ's factual findings for substantial evidence, meaning that the agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)); 8 U.S.C. § 1252(b)(4)(B).

---

[1] The petitioners do not challenge the IJ's denial of relief under the Convention Against Torture (CAT). All petitioners except for Jose Alfredo are derivative beneficiaries of Jose Alfredo's asylum application, but because they did not file separate applications for withholding of removal or CAT protection, they are ineligible for those forms of relief. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT relief).

The petitioners argue that the IJ erred in finding that they were persecuted for financial gain, rather than because of Jose Alfredo's membership in their proposed social group of "Salvadoran entrepreneurs operating in the transportation sector." But Jose Alfredo acknowledged when testifying before the IJ that the Mara 18 street gang targeted him for financial reasons, and he explained that his ownership of a cargo transportation business was relevant because it meant the gangs thought he had access to money. The IJ therefore did not err in finding the Mara 18 gang was motivated by financial gain and was not "motivated intrinsically" by Jose Alfredo's ownership of a transportation business. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023).

Additionally, even if the petitioners were targeted for the reasons they say, their claims would still fail because the IJ properly found that their proposed social group was not cognizable. For a social group to provide a cognizable basis for asylum or withholding of removal, it must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). The petitioners, however, point to no evidence that their proposed social group is viewed as socially distinct in El Salvador. And we have also explained that social groups defined by business ownership are not cognizable

because they are not immutable. *Id.* at 882–83 (rejecting a proposed social group of "wealthy business owners" under the particularity, immutability, and social distinction criteria).[2]

**PETITION DENIED.**

---

[2] Because the petitioners' failure to show nexus is dispositive of their claims for asylum and withholding of removal, *Rodriguez-Zuniga*, 69 F.4th at 1016, we need not address their argument that the IJ erred in finding that they failed to establish past persecution or a well-founded fear of future persecution.